L GASKINS, Judge Pro Tempore.
The appellant, convicted of a felony, sought a preliminary injunction to prevent prison officials from requiring him to work until his appeal from his conviction in Beauregard Parish was final. The district court had set an appeal bond, but the appellant never met that obligation by the posting of any type of bond and remained, at all times during these proceedings, in the custody of the Department of Corrections. For the following reasons, we affirm denial of the injunction.
Art. 913. Effect of appeal
A. An appeal by the state suspends the ruling or judgment from which the appeal is taken, except when the ruling or judgment requires the release of the defendant.
B. An appeal by the defendant shall not suspend the execution of sentence, unless the defendant is admitted to post conviction bail.
The appellant asserts that his sentence is suspended by the trial court’s act of setting the bail obligation. The commissioner recommended that, although this issue is apparently res nova in Louisiana, such a construction of the statute would lead to ludicrous results; i.e., a person sentenced to imprisonment and actually serving time, but whose sentence is “suspended.” The trial court agreed and denied the injunction.
This construction would be contrary to the interests of the prisoner. Were the state to assert this same argument in a *180 situation where a prisoner had concurrent prison sentences imposed, but the prisoner had been admitted to bail, the state could thwart the will of the sentencing judge. The result there would be that the prisoner could be serving one sentence, but execution of the other could be “suspended” by the fixing of the bail obligation, thus making the sentences run consecutively.
Courts should avoid constructions which will render legislation absurd. Rather, statutes must be interpreted in such a manner as to render their meaning rational, sensible, and logical. State, Through Department of Public Safety and Corrections, Office of State Police, Riverboat Gaming Division v. Louisiana Riverboat Gaming Commission and Horseshoe Entertainment, 94-1872 (La.5/22/95), 655 So.2d 292.
[¡■The construction offered by the appellant leads to absurd results, while the construction favored by the commissioner and the district court does not. A person who has a bail obligation fixed and actually posts a sufficient bond to meet that obligation obtains his or her pre-trial freedom, and thus the sentence is not being executed, and is suspended. A person who only has a bail obligation fixed, but never actually meets that obligation, is not “admitted to bail” in the sense used in La.C.Cr.P. art. 913, and the execution of that sentence is not suspended.
Accordingly, the trial court’s judgment denying the preliminary injunction is AFFIRMED. We hereby deny the motion to dismiss a frivolous appeal, and to assess this filing as a “strike” under La. R.S. 15:1187. The issue is apparently res nova, and while we find that the appellant’s construction is incorrect, it is at least a color-able construction of the statute. All costs of these proceedings are to be borne by the appellant, Johnny Winston.
AFFIRMED.